

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/20/2014

| | | |
|---|---|---|
| IN RE: | § | |
| **GEORGE R COUNCILL, JANET** | § | **CASE NO: 05-91470** |
| **COUNCILL** | § | |
|     Debtor(s) | § | |
| | § | **CHAPTER 7** |

## ORDER FOR HEARING

On November 30, 2012, Dilks & Knopik, LLC alleging that it was acting as attorney in fact for Resurgent Capital Services, L.P. (which in turn was acting as an agent for PYOD LLC) filed an application for payment of $21,520.14 in unclaimed funds. On January 17, 2013, the application was denied because the claimant had failed to comply with Fed. R. Bankr. P. 3001(e).

On October 3, 2013, PYOD LLC filed two Notices of Transfer of Claim Other than for Security. The Notices were filed under Rule 3001(e)(2). Although the Clerk properly attempted to serve the Rule 3001(e)(2) notices, the address for the original claimant (Citibank) was no longer valid. Accordingly, no effective notice to the alleged transferor has yet been given. *See* ECF #120 and ECF #121.

On April 28, 2014, Dilks & Knopik, LLC, alleging that it was acting as attorney in fact for Resurgent Capital Services LP, filed a motion to reconsider the Court's January 17, 2013 order. The motion for reconsideration is untimely under any measure. Moreover, the motion alleges (correctly) that Rule 3001(e)(2) notices were filed, but fails to inform the Court that the alleged transferor was not given any notice of the filing.

The Court will conduct an evidentiary hearing on this matter. Each of the parties (Dilks & Knopik, Resurgent, and PYOD) are entities. Entities must be represented by counsel at the hearing, if they choose to appear. *See In re Boyd,* 2012 WL 370093 (Bankr. S.D. Tex 2012).

The hearing will be on June 18, 2014 at 10:30 a.m. Dilks & Knopik is ordered to provide notice of the hearing to PYOD, Resurgent, and Citibank. A certificate of service evidencing the notice must be filed no later than May 29, 2014.

Failure to appear at the hearing, through counsel, will result in a denial of the motion with prejudice against refiling. Telephonic participation is not allowed.

SIGNED **May 20, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE